70 So.2d 594

**WAINWRIGHT v. LINGLE et al.**

No. 41129.

Jan. 11, 1954.

Rehearing Denied Feb. 15, 1954.

Sidney G. Roos, New Orleans, for plaintiff-appellant.

Duke, Porterie & Davison, New Orleans, for defendants-appellees.

HAMITER, Justice.

Alleging that on or about June 11, 1945, he paid $5,000 to the Audubon Development Company, Inc., for 50 shares of its capital stock which were never issued to him, Jack Wainwright cited that company herein and, under his principal demand, he prays for a judgment ordering and compelling the stock's delivery.

Impleaded also was the corporation's president, John Lingle, plaintiff demanding in the alternative that both defendants be condemned in solido to pay him the sum of $55,000, the highest value attained by the stock since the purchase thereof. It was alleged that Lingle is thus liable because of fraud perpetrated by his (1) having solicited funds and failed to have the stock issued and (2) having taken over, as an individual, all of the assets of the corporation.

The defendants denied that plaintiff subscribed and paid for the stock, and also denied the perpetration of fraud. However, their joint answer recited: "That defendant, John Lingle, admits that he did receive a check from Jack Wainwright, which was made payable to Audubon Development Company, Inc., in the sum of $5,000.-00, and which was dated June 11, 1945,

which was purported to be for 50 shares of stock of Audubon Development Company, Inc., but that in truth and in fact the said plaintiff, Jack Wainwright, received other consideration for the issuance of said check. * * * that for the check given by the plaintiff to Mr. Lingle, the said plaintiff received the full $5,000.00 consideration in another manner."

After trial the district court rendered a judgment in favor of plaintiff (on his alternative demand) against Audubon Development Company, Inc., only, in the sum of $5,000. The claim against John Lingle was dismissed.

Plaintiff appealed, complaining of the court's failure (1) to grant specific performance against the corporation, as primarily demanded, for delivery of the 50 shares of stock and, alternatively, (2) to condemn both defendants in solido to pay him $55,000, the claimed value of the stock.

The defendants neither appealed nor answered plaintiff's appeal. However, they pleaded in this court the prescription of one year (that which pertains to offenses and quasi-offenses) as a bar to plaintiff's alternative demand for a monied judgment predicated mainly on the alleged fraud of the defendant Lingle.

In rendering judgment the trial judge, to quote from his assigned written reasons, stated:

"In effect, the suit is primarily for specific performance to compel delivery of 50 shares of the defendant corporation's capital stock, or alternatively for its value, alleged to be $55,000.00.

"I find that plaintiff gave his check dated June 11, 1945, for $5,000.00, payable to defendant corporation, for its stock, which was duly deposited to the credit of such corporation. I also find that an incompleted certificate of stock of the corporation for 50 shares at $100.00 par value was issued and intended for plaintiff and endorsed in blank by him, though not made out in his name nor delivered to him. Defendant Lingle was the principal stockholder in the corporation and was its duly authorized agent in the stock transaction with plaintiff.

"The defense is predicated upon the contention that defendant Lingle loaned to plaintiff the $5,000.00 which plaintiff gave the corporation. Dan Cohen and his partner, Maris, testified they loaned Lingle the $5,000.00 in cash and took the stock certificate, endorsed in blank by plaintiff, as security for the loan, which was in turn loaned by Lingle to plaintiff.

"Irrespective of where plaintiff obtained the money, it is conclusive that he gave it to the corporation for 50 shares of its stock, which he never received. * * *

"As plaintiff paid defendant corporation $5,000.00 for stock never delivered to him, he is entitled to the stock or its value.

"To give him the stock now would, in effect, be enforcing specific performance.

Such relief must be seasonably sought. As the stock was purchased in June, 1945, and this suit only brought in May, 1947, I must hold that demand for specific performance was not seasonable and within a reasonable time. In such a case, a stock purchaser cannot, by his delay in acting, speculate on its enhancement in value and then seek specific performance.

"Plaintiff is thus relegated to his alternative action for its value. There is no evidence of value except the amount plaintiff paid, to-wit, $5,000.00, so he is entitled to judgment against the corporation alone for $5,000.00, with legal interest from judicial demand, and all costs of suit. Suit against defendant John Lingle will be dismissed."

■ The evidence adduced at the trial overwhelmingly supports the finding of fact that plaintiff's check for $5,000, admittedly payable to and used by the corporation, was given in payment of corporate shares that were never issued to him. Of much significance in this respect, besides plaintiff's blank endorsement of the incompleted stock certificate and other evidence to which the judge alluded, was a notation on the check that it was for stock.

■ But we do not agree with the conclusion that plaintiff's principal demand herein for specific performance was not seasonable and not made within a reasonable time, he having refrained from urging it until some 23 months after the stock transaction. What that conclusion over- looks is that initially the stock was bought outright and paid for in full; it was not the subject of a long-term contract to purchase supported by an inconsequential consideration. Plaintiff, as a result of the full payment, became the unqualified owner of the stock and, as such, he could demand delivery thereof at any time prior to the accrual of the applicable liberative prescription which, when this suit was instituted, had not occurred. In accordance with his primary demand herein, therefore, plaintiff was entitled to a judgment decreeing him to be the owner of such stock and ordering the defendant corporation to make delivery.

It may be that since the filing of this suit the corporation has been dissolved (the pleadings and certain evidence suggest the undertaking of a liquidation of the corporate affairs, but the record does not disclose that a certificate of dissolution has been issued by the Secretary of State). However, in the event a dissolution has taken place, or if for any other reason delivery of the stock within a reasonable time cannot be and is not effected, plaintiff's rights under his alternative demand and otherwise are reserved to him.

We need not consider the plea of one year prescription, filed by defendants in this court, because it affects plaintiff's alternative demand with respect to which we now make no determination.

For the reasons assigned the judgment of the district court is reversed and set

aside, and there is now judgment in favor of plaintiff, Jack Wainwright, recognizing him to be the owner of 50 shares of the capital stock of the Audubon Development Company, Inc., each of the par value of $100, and ordering and directing that corporation, through its proper officers, to make delivery of such stock, reserving to said plaintiff whatever rights he has or may have against anyone to recover the value of the stock in the event of failure of delivery within a reasonable time after the finality of this judgment. It is further ordered that plaintiff's alternative demand herein against the named corporation and John Lingle be dismissed as of nonsuit. All costs of this proceeding shall be paid by Audubon Development Company, Inc.