109 So.2d 444

Jack WAINWRIGHT

v.

John LINGLE and the Audubon Development Company, Inc.

No. 43579.

Feb. 16, 1959.

Rehearing Denied March 23, 1959.

Roos & Roos, New Orleans, for plaintiff-appellant.

Clarence Dowling, Anthony J. Vesich, Jr., New Orleans, for defendant-appellant.

HAMITER, Justice.

On September 12, 1946 the Audubon Development Company, Inc. (hereinafter sometimes referred to as Corporation) conveyed all of its assets, consisting of two parcels of improved real estate situated in the City of New Orleans, to one John Lingle, an organizer and a stockholder of the corporation. Thereafter, Jack Wainwright brought a suit in which he was ultimately recognized (by this court in a decision that became final on February 15, 1954) as the owner of 50 shares of the corporation's stock. See Wainwright v. Lingle, 224 La. 702, 70 So.2d 594.

In the instant action (filed July 20, 1954 and being a sequel to the aforementioned suit) Wainwright, as a shareholder of the corporation, demanded primarily an annulment of the above referred to conveyances to Lingle and an accounting of the revenues from the properties received by the purchaser. Alternatively, plaintiff prayed for a monied judgment against Lingle and Audubon Development Company, Inc. in the sum of $214,142.80, allegedly the value of his 50 shares of stock.

Answering, the defendants asked for a dismissal of the suit. Additionally, Lingle reconvened, seeking a judgment against Wainwright in the sum of $5,000—allegedly for a loan made by him to plaintiff.

After a lengthy trial the district court refused to set aside the conveyances from the corporation to Lingle. However, it awarded plaintiff a solidary judgment, on his alternative demand, against Lingle and the corporation in the sum of $6666.66. The reconventional demand of Lingle was dismissed. Plaintiff and Lingle appealed from the judgment (there was no appeal by the corporation).

The record reflects the facts hereinafter set forth. The corporation was organized in December, 1944. On February 28, 1945 it purchased the premises located at No. 1225—27 St. Charles Avenue, in the City of New Orleans, for $37,500 cash; and on March 6, 1945 it acquired the property numbered 717 Common Street, in the same city, for $30,500 cash (a total of $68,000 for both pieces).

On September 12, 1946, as aforestated, the two parcels were transferred by separate acts to Lingle for $68,000 (the total purchase price is the same paid by the corporation in its acquisition). The sales were made for cash pursuant to a resolution of the Board of Directors of the corporation, the president thereof (E. A. Barielle) appearing in the acts for the vendor. These conveyances are the ones which plaintiff seeks to have set aside in this suit.

At the time the properties were sold in 1946 there were 750 shares of stock of the corporation outstanding (including plaintiff's 50 shares and 10 shares owned by Lingle). However, plaintiff was not then recognized as a shareholder, his above mentioned suit for recognition not having been brought until May 22, 1947 (some eight months after the sale of the properties). Thereafter, in an informal liquidation, all of the stockholders, except plaintiff, were settled with from the proceeds of the conveyances.

To maintain his primary demand for the annulment of the sales plaintiff attempted to show that the conveyances in question were fraudulently made in that the properties were bought from the corporation by an officer and stockholder thereof for a sum considerably less than their real mar-

ket value. But the evidence before us, in our opinion, does not satisfactorily establish that fact.

True, the trial judge, who found no fraud, held that the two parcels (both sold for $68,000) were worth $100,000. However, such valuation was based almost entirely on evidence of the cost of reproduction of the improvements, less depreciation. Such evidence is particularly unimpressive in view of the fact that the consideration paid by Lingle was the actual price given by the corporation for the identical property only eighteen months prior to the assailed conveyances, and there was no showing of circumstances which might have caused any drastic increase of valuation in so short a time. It is important to consider also (in connection with plaintiff's charge of fraudulent sales) that all of the then recognized stockholders were entirely satisfied with the transaction, they having accepted for their shares proportionate amounts based on the purchase price.

Accordingly, we approve the trial court's finding that "no fraud attended the acquisition of the property by Lingle". And it follows that, in the absence of fraud, any action by plaintiff to set aside the conveyances is now barred (as such court held) by the prescription of ninety days provided for in LRS 12:41, it reciting: "E. An action or suit to enjoin or set aside a conveyance by a corporation on the ground that the provision of this Chapter relating to the sale, lease, exchange, or other disposition of all or substantially all of the assets of the corporation have not been complied with, shall be brought within ninety days after the corporate action purporting to authorize such disposition was taken, or the same shall be forever barred." The instant suit was filed neither within ninety days from the confecting of the sales nor within ninety days after the finality of the judgment of this court decreeing plaintiff to be a shareholder of the corporation.

In the brief of defense counsel, with reference to plaintiff's alternative demand for a monied judgment, the following is said: "On September 12, 1946, the corporation sold to Lingle all of its assets for $68,000 cash. This money was distributed on the basis of 700 shares. Since the decision of this Honorable Court in Wainwright v. Lingle, supra, there were outstanding 750 shares. All assets, therefore, should be distributed on the basis of 750 shares outstanding instead of 700 shares outstanding.

"On the basis of 750 shares outstanding plaintiff is entitled to participate for $\frac{1}{15}$ of the assets of the corporation to be distributed on liquidation. $\frac{1}{15}$ of $68,000 is the sum of $4533.33. * * *

" *    *    *    *    *    *

" * * * His claim is relegated to a proportionate interest in the assets to be

divided. The assets to be divided was the sum of $68,000, all that plaintiff was entitled to was 1/15 of $68,000 or the sum of $4533.33. or the sum of $4533.33.

"Wherefore, appellant respectfully submits that the District Court judgment should be amended by reducing the judgment from $6666.66 to $4533.33."

This concession seems fair and proper. Since fraud has not been proved plaintiff is entitled to receive no more than the fair cash value of his shares as of the day before corporate authorization of the conveyances was given (this assumes that he protested the sales in compliance with the provisions of LRS 12:52, although actually he did not). And according to our appreciation of the record the market value then of all of the corporation's assets respecting which plaintiff was a shareholder to the extent of one-fifteenth, did not exceed $68,000.

As to the reconventional demand of the defendant Lingle we are unable to hold that the trial judge erred in concluding that it was not proved "by a preponderance of the evidence as required by law". Particularly is this true since discrepancies on material matters relating to the reconventional demand are noted in Lingle's testimony given in the former suit and in the instant proceedings.

For the reasons assigned the judgment of the district court is amended by re-

ducing plaintiff's award as against the defendant Lingle to the sum of $4,533.33; and, as thus amended, the judgment is affirmed. Costs of this appeal shall be paid in the proportions of one-half by plaintiff and one-half by the defendant Lingle.

FOURNET, C. J., absent.